# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00431-CV

**Scientific Machine & Welding, Inc., Appellant**

**v.**

**FlashParking, Inc., Appellee**

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-003816, THE HONORABLE TIM SULAK, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

The question of repudiation generally "is one of fact, to be determined by the trier of facts," *Hudson v. Wakefield*, 645 S.W.2d 427, 430 (Tex. 1983); *see Tubb v. Aspect Int'l, Inc.*, No. 12-14-00323-CV, 2017 Tex. App. LEXIS 362, at *6 (Tex. App.—Tyler Jan. 18, 2017, pet. denied) (mem. op.) ("Whether a party has repudiated an agreement is a question of fact." (citing *Berg v. Wilson*, 353 S.W.3d 166, 176 (Tex. App.—Texarkana 2011, pet denied))), although "when the pertinent facts are undisputed, repudiation may be established as a matter of law," *King Rach, Inc. v. Chapman*, 118 S.W.3d 742, 756 (Tex. 2003). Here, however, the pertinent facts are disputed.

In my opinion, the question of repudiation before this Court is not a matter of law, but one for the trier of facts. Viewing the summary judgment evidence in the light most favorable to Scientific Machine and Welding, Inc., I conclude that FlashParking, Inc. did not conclusively establish its affirmative defense of repudiation. *See* Tex. R. Civ. P. 166a(c).

Among my disagreements with the Court's analysis, I do not agree that the summary judgment evidence conclusively established that (i) Scientific intentionally and unequivocally repudiated the FlashParking contract, (ii) Scientific did not refuse in good faith to sign a third party contract, and (iii) Scientific knew when it refused to sign the third party contract without modification that Scientific would no longer be authorized to deliver UL-compliant SmartStations. Because I would reverse the trial court's summary judgment and remand the case for trial, I respectfully dissent.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Kelly

Filed: November 12, 2021